AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|
| BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO DIVISION |
| **OFFENSE CHARGED**<br>Violations: 18 U.S.C. § 1343 - Wire Fraud (Ten Counts); 18 U.S.C. § 1341 - Mail Fraud (One Count); 18 U.S.C. § 981 (a)(1)(C) & 28 U.S.C. § 2461 (c) - Forfeiture<br>☐ Petty  ☐ Minor  ☐ Misdemeanor  ☒ Felony<br>PENALTY: 20 Years Imprisonment; $250,000 or twice the gross loss; 3 Years Supervised Release; $100 Special Assessment | **DEFENDANT - U.S**<br>▶ Niketa Williams<br>DISTRICT COURT NUMBER<br>CR 08 0398 |

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  ☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Tracie L. Brown, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### CRIMINAL DIVISION
### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

NIKETA WILLIAMS



CR 08    0398

WHA

DEFENDANT.

---

## INDICTMENT

Violations: 18 U.S.C. § 1343 - Wire Fraud (Ten Counts);
18 U.S.C. § 1341 - Mail Fraud (One Count); 18 U.S.C.
§ 981 (a)(1)(C) & 28 U.S.C. § 2461 (c) - Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this 17th day of
6-17-2008

_____
Clerk

Bail, $ No bail warrant shall issue

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> NIKETA WILLIAMS, <br>   a/k/a Niketa Brennan, <br>   a/k/a Niketa Srichawla, <br>   a/k/a Kornrosakorn Srichawla, <br>   a/k/a Apasara Srichawla, <br> Defendant. | CR 08 0398 <br><br> VIOLATIONS: 18 U.S.C. § 1343 — Wire Fraud (Ten Counts); 18 U.S.C. § 1341— Mail Fraud (One Count); 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) — Forfeiture |

## INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH TEN:  18 U.S.C. § 1343 – Wire Fraud

### BACKGROUND

At all times relevant to this Indictment:

1.     Defendant NIKETA WILLIAMS, a/k/a Niketa Brennan, a/k/a Niketa Srichawla, a/k/a Kornrosakorn Srichawla, a/k/a Apasara Srichawla (hereafter, "WILLIAMS"), resided in Santa Rosa, California.

INDICTMENT

1      2.    WILLIAMS and her husband had a joint checking account at Citibank in Santa Rosa, California, account number XXXXXX20058.

3      3.    WILLIAMS' husband also had a separate checking account with Bank of America in Santa Rosa, California, account number XXXXX-43004. He let Williams use this account for some transactions relating to her business, but was otherwise not involved in her business dealings.

### THE SCHEME TO DEFRAUD

4.    Between in or around November 2004 and December 2007, in the Northern District of California and elsewhere, the defendant,

> NIKETA WILLIAMS,
> a/k/a Niketa Brennan,
> a/k/a Niketa Srichawla,
> a/k/a Kornrosakorn Srichawla,
> a/k/a Apasara Srichawla,

did knowingly and intentionally devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowing that the pretenses, representations, promises, and omissions were false and fraudulent when made.

### MANNER AND MEANS OF THE SCHEME

5.    As part of the scheme to defraud, and in order to induce investors to give her money, WILLIAMS engaged in certain conduct and made certain false representations, promises, and omissions, including, but not limited to, the following:

    a. WILLIAMS represented to potential investors that she had a business whereby she purchased uncertified "lots" (or "sets") of genuine diamonds from wholesalers, had them certified, and then sold them to retailers for a profit.

    b. WILLIAMS represented to potential investors in her alleged diamond business that she would share with them the profits from her sales to retailers, and that investors would thereby earn high rates of return on their investment.

    c. WILLIAMS represented to certain investors that she had extensive experience in the diamond industry, including prior employment as a jewelry designer for

INDICTMENT      2

a home shopping network.

  d. To convince certain investors that her diamond business was legitimate, WILLIAMS showed them what she claimed were real diamonds, and purported to inspect such alleged diamonds for their quality. In fact, the "diamonds" that WILLIAMS showed certain investors were simulated gemstones such as cubic zirconia, not real diamonds.

  e. WILLIAMS gave certain investors specific details as to the transactions she was allegedly arranging, such as the names of diamond wholesalers or retailers who were purportedly involved in her deals. In fact, as WILLIAMS knew, those specifically identified diamond wholesalers and retailers had no interest in the deals WILLIAMS described to investors.

  f. WILLIAMS failed to disclose to investors that she owed hundreds of thousands of dollars to jewelers with whom she had done business prior to 2005.

6.  It was further part of WILLIAMS' scheme to defraud that she did not use investors' money to purchase genuine diamonds from wholesalers, as she represented she would. Instead, she used investors' money for other purposes, such as to cover her personal expenses and to pay earlier investors who were complaining about not being paid.

7.  It was further part of WILLIAMS' scheme to defraud that in some instances, she requested that investors wire funds to various accounts, purportedly to facilitate diamond deals.

## USE OF THE WIRES

8.  On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the material scheme to defraud and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendant,

NIKETA WILLIAMS,
a/k/a Niketa Brennan,
a/k/a Niketa Srichawla,
a/k/a Kornrosakorn Srichawla,
a/k/a Apasara Srichawla,

did knowingly transmit and cause to be transmitted the following wire communications in interstate and foreign commerce:

| Count | Approx. Date | Wire Communication | From | To |
|---|---|---|---|---|
| ONE | 3/28/06 | Wire transfer of $45,000 | Motorola Employees Credit Union (MECU), Schaumburg, Illinois, account no. XXXXX6701 | Citibank, Santa Rosa, account no. XXXXXX20058 |
| TWO | 4/11/06 | Wire transfer of $10,000 | Motorola Employees Credit Union (MECU), Schaumburg, Illinois, account no. XXXXX6701 | Citibank, Santa Rosa, account no. XXXXXX20058 |
| THREE | 4/19/06 | Wire transfer of $23,000 | Motorola Employees Credit Union (MECU), Schaumburg, Illinois, account no. XXXXX6701 | Citibank, Santa Rosa, account no. XXXXXX20058 |
| FOUR | 5/12/06 | Wire transfer of $67,000 | Motorola Employees Credit Union (MECU), Schaumburg, Illinois, account no. XXXXX6701 | Citibank, Santa Rosa, account no. XXXXXX20058 |
| FIVE | 8/3/06 | Wire transfer of $4,800 | Bank of America, Phoenix, Arizona, account no. XXXXX-32692 | Citibank, Santa Rosa, account no. XXXXXX20058 |
| SIX | 2/13/07 | Wire transfer of $20,000 | Wells Fargo Bank, Santa Rosa, California, account no. XXXXX74579 | Colonial Bank (Leland Company), Orlando, FL, account no. XXXXX26564 |
| SEVEN | 2/22/07 | Wire transfer of $16,500 | Wells Fargo Bank, Santa Rosa, California, account no. XXXXX74579 | Bangkok Bank (Sadaf Co.), Bangkok, Thailand, account no. XXXXX33440 |

INDICTMENT                                 4

| Count | Approx. Date | Wire Communication | From | To |
|---|---|---|---|---|
| EIGHT | 3/8/07 | Wire transfer of $40,000 | Wells Fargo Bank, Santa Rosa, California, account no. XXXXX74579 | Bangkok Bank (Sadaf Co.), Bangkok, Thailand, account no. XXXXX33440 |
| NINE | 5/17/07 | Wire transfer of $10,000 | Citizens Security Bank, Haskell, Oklahoma, account no. XXX028 | Bank of America, Santa Rosa, California, account no. XXXXX-43004 |
| TEN | 6/15/07 | Wire transfer of $10,000 | Citizens Security Bank, Haskell, Oklahoma, account no. XXX028 | Bank of America, Santa Rosa, California, account no. XXXXX-43004 |

All in violation of Title 18, United States Code, Section 1343.

COUNT ELEVEN:   18 U.S.C. § 1341 – Mail Fraud

9.   Paragraphs 1 through 6 are realleged as if fully set forth herein.

10.   On or about the date set forth below, in the Northern District of California and elsewhere, for the purpose of executing a material scheme to defraud and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendant,

NIKETA WILLIAMS,
a/k/a Niketa Brennan,
a/k/a Niketa Srichawla,
a/k/a Kornrosakorn Srichawla,
a/k/a Apasara Srichawla,

did knowingly cause to be deposited the following items to be sent and delivered by a private and commercial interstate carrier:

| Count | Approx. Date | Description of Items | From | To |
|---|---|---|---|---|
| ELEVEN | 10/22/07 | 39 simulated diamonds | Diamond Nexus Labs, Franklin, Wisconsin | 2016 Cooper Drive, Santa Rosa, California |

INDICTMENT                                              5

1  All in violation of Title 18, United States Code, Section 1341.

2  <u>FORFEITURE ALLEGATION</u>: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

3  11.  Paragraphs 1 through 10 are realleged as if fully set forth herein, for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6  12.  Upon conviction of a violation of 18 U.S.C. § 1343 as alleged in Counts One through Ten, or a conviction of a violation of 18 U.S.C. § 1341 as alleged in Count Eleven, the defendant,

> NIKETA WILLIAMS,
> a/k/a Niketa Brennan,
> a/k/a Niketa Srichawla,
> a/k/a Kornrosakorn Srichawla,
> a/k/a Apasara Srichawla,

shall forfeit to the United States all property, real or personal, constituting and derived from proceeds traceable to said offenses, including, but not limited to, $ 794,620, representing the approximate total amount of funds fraudulently obtained by the defendant.

16  13.  If any of said property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in and forfeited to the

///
///
///

INDICTMENT                                6

1 | United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and
2 | Rule 32.2 of the Federal Rules of Criminal Procedure.
3 | Dated:                                              A TRUE BILL.
         6/17/2008

                                            *[signature]*
                                            FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*[signature]*

BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: *[signature]* )
                      AUSA BROWN

7