JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CSBN 184339)
Assistant United States Attorney

    450 Golden Gate Ave.
    San Francisco, California  94102
    Telephone:  (415) 436-6917
    Facsimile:   (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 08-398 WHA |
| Plaintiff, | ) | |
| v. | ) | **[PROPOSED]** <br> **ORDER OF DETENTION** <br> **PENDING TRIAL** |
| NIKETA WILLIAMS, | ) | |
| Defendant. | ) | |

    This matter came before the Court on August 29, 2008 for a detention hearing. The Defendant, Niketa Williams, was present and represented by Assistant Federal Public Defender Daniel Blank. Assistant United States Attorney Tracie L. Brown appeared for the United States of America.

    Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. The parties submitted proffers and arguments regarding detention at the hearing.

    Upon consideration of the facts, proffers, and arguments presented, the Court finds by a

preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required, given the Court's consideration of the factors set forth in 18 U.S.C. § 3142(g) and the following facts:

(1) The Defendant is charged in a multi-count wire fraud indictment in this District, and will shortly be charged in the Western District of Wisconsin with a multi-count wire fraud indictment. According to the government, the total loss amount in the two cases is approximately $1.7 million, with victims throughout the United States. Within approximately one month, the plans to plead guilty in both cases pursuant to a Rule 20 disposition, indicating that the government's evidence against her is strong, and that she has an incentive to flee if released.

(2) The Defendant is not legally in the United States, and an ICE detainer has been lodged against her. It is not clear what would happen if she were to be released to ICE custody, given the pending charges and her intent to plead guilty to multiple felony counts of wire fraud in the near future.

(3) The Defendant has few ties to the United States, and no ties to this District, other than her minor children, whose custody status is currently fluid, and who could be removed from the United States by the Defendant if she were to gain custody of them.

(4) By contrast, the Defendant has extensive ties to Thailand, where victims of her fraud were instructed to send hundreds of thousands of dollars.

(5) The Defendant has no property that can be posted, and no legitimate employment.

For these reasons, the Court concludes that the Defendant must be detained pending trial in this matter. The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the Defendant be, and hereby is, committed to the custody of the Attorney

General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the Defendant be afforded reasonable opportunity for private consultation with her counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: _____

THE HON. JOSEPH C. SPERO
United States Magistrate Judge

DETENTION ORDER: WILLIAMS
CR 08-398 WHA                                3